**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                        **Case No. 8:14-CR-333-T-33EAJ**

**JUDE THADDEUS DANAHY**

_____/

## REPORT AND RECOMMENDATION

Defendant's counsel has filed a Motion to Withdraw as Attorney (Dkt. 54) and Defendant filed a Motion to Appoint Counsel (Dkt. 59).[1]

The District Court is not authorized to appoint counsel on appeal to represent a defendant who was represented in the district court by retained counsel without first conducting an in camera review of the financial circumstances of the defendant, as well as the fee arrangements between the defendant and retained trial counsel. See Addendum Four, Eleventh Circuit Plan Under the Criminal Justice Act, § (d)(2), Eleventh Circuit Rules.[2]

Defendant was represented in this case by Michael A. Gold, Esquire as retained counsel.

Pursuant to the undersigned's order dated March 31, 2015, Mr. Gold has submitted for in camera review information regarding the fee agreement with defendant (Dkt.S-58). Although Defendant is in custody and has not filed a financial affidavit in response to the Court's prior order,[3]

---

[1] These motions were referred to the undersigned.

[2] Addendum 4(d)(2) provides in pertinent part: "Unless approved in advance by this court, the district court is not authorized to appoint counsel on appeal to represent a defendant who was represented in the district court by retained counsel without first conducting an *in camera* review of the financial circumstances of the defendant and of the fee arrangements between the defendant and retained trial counsel."

[3] It appears that Defendant moved to a new prison location other than that shown on the docket and the order may not have reached him. (Dkt 59-2) The Clerk of Court is directed

Defendant's pro se motion for counsel states that Defendant "has insufficient resources with which to retain replacement counsel."

The docket reveals that Mr. Gold entered a notice of appearance on behalf of Defendant on August 12, 2014. Defendant pleaded guilty on August 27, 2014 and was sentenced on January 29, 2015. The Notice of Appeal was filed on February 5, 2015 and Motion to Appoint Counsel was filed on March 30, 2015.

The fees received by Mr. Gold was a significant amount according to counsel's in camera filing. The court file reveals very minimal activity in representing Defendant in this criminal case. Given the brevity of counsel's representation in this case and the magnitude of the fee, it is appropriate to require counsel to continue to represent Defendant on appeal, consistent with the Eleventh Circuit's Criminal Justice Act plan

### CONCLUSION

It is **RECOMMENDED THAT**:

Mr. Gold's Motions to Withdraw as Counsel (Dkt. 54) be **DENIED** and Defendant's Motion to Appoint Counsel (Dkt. 59) be **DENIED.**

ELIZABETH A JENKINS
United States Magistrate Judge

---

to update the docket.

## NOTICE TO PARTIES

Failure to file written objections to the Report and Recommendation within fourteen (14) days from the date of its service shall bar an a aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. Sec. 636(b)(1)(B), Rule 6.02, M.D.Fla. (Rev. 7/29/92)