UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:14-cr-333-T-33EAJ

JUDE THADDEUS DANAHY
_____/

**ORDER**

This cause comes before the Court pursuant to Michael A. Gold, LL.M.'s Motion to Withdraw as Counsel (Doc. # 54), filed on March 30, 2015, and Defendant Jude Thaddeus Danahy's Motion to Appoint Counsel (Doc. # 59), filed on April 17, 2015. On April 28, 2015, Elizabeth A. Jenkins, United States Magistrate Judge, entered a Report and Recommendation recommending that both Motions be denied. (Doc. # 60). Gold filed an objection to the Report and Recommendation on May 12, 2015. (Doc. # 61). For the reasons that follow, the Court adopts the Report and Recommendation as to Gold's Motion to Withdraw. Notwithstanding, the Court *sua sponte* relieves Gold from further representation of Defendant in this case. Defendant's Motion to Appoint Counsel is therefore granted.

**I.  Background**

On July 1, 2014, Defendant was charged in a criminal complaint with attempted child enticement (Count I), attempted production of child pornography (Count II), and attempted receipt of child pornography (Count III), in violation of 18 U.S.C. § 2422, 18

U.S.C. § 2251, and 18 U.S.C. § 2252, respectively. (Doc. # 1). Defendant retained Gold as counsel, who filed a Notice of Appearance in this action on August 12, 2014. (Doc. # 10). An information as to Count I was filed on August 14, 2014. (Doc. # 14).

Defendant subsequently accepted a plea agreement, entering a plea of guilty as to Count I in exchange for no further charges being pursued related to the conduct in the complaint. (Doc. # 17 at 2-3). That plea was accepted by the Court (Doc. # 24), and, on January 29, 2015, Defendant was sentenced to a term of imprisonment of 14 years with lifetime supervised release. (Doc. # 43). Defendant filed a *pro se* notice of appeal of February 5, 2015. (Doc. # 47).

After Defendant filed his notice of appeal, Gold moved to withdraw, citing the fee agreement with Defendant, which excludes representation on appeal. (Doc. # 54). Judge Jenkins subsequently ordered Gold to supply details of the fee agreement, pursuant to Addendum Four, subsection (d)(2), of the Eleventh Circuit Plan Under the Criminal Justice Act, which requires the Court to conduct an *in camera* review of the fee arrangement between counsel and a defendant before appointing counsel on appeal to a defendant who was represented in the district court by retained counsel. (Doc. # 56). Gold's affidavit specified that his representation was solely "to negotiate a plea agreement and all sentencing matters

related to the investigation into alleged charges of attempted child enticement" and did not "include a trial, or any new or additional investigations, indictments, trials or appeals." (Doc. # 58 at ¶ 1). The affidavit also revealed that Defendant was charged $38,887.76 for the negotiation of his plea agreement. (Id. at ¶ 3). Defendant then moved for appointment of counsel, citing insufficient resources. (Doc. # 59). Defendant filed a Declaration indicating that his financial status did not allow him to retain new counsel. (Doc. # 59-1).

Reviewing both Gold's and Defendant's Motions, Judge Jenkins recommended both Motions be denied, finding that Gold expended "very minimal activity in representing Defendant" while receiving a "significant amount" in compensation, and therefore should be required to represent Defendant on appeal. (Doc. # 60 at 2). Judge Jenkins' Recommendation relies on Addendum Four of the Eleventh Circuit Plan Under the Criminal Justice Act, subsection (d)(2), for this proposition, which states, "[r]etained counsel for a criminal defendant has an obligation to continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Act, and may not abandon or cease representation of a defendant except upon order of this court." See Addendum Four, Eleventh Circuit Plan Under the Criminal Justice Act, § (d)(2), Eleventh Circuit Rules. Gold objected to Judge Jenkins' Report and Recommendation. (Doc. # 61).

3

**II.   Legal Standard**

A district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions de novo, even in the absence of an objection.  See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

**III. Analysis**

Eleventh Circuit Rule 46-10(a) provides that "[r]etained counsel for a criminal defendant has an obligation to continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Criminal Justice Act, and may not abandon or cease representation of a defendant except upon order of this court."

Under the Criminal Justice Act, federal courts are required to furnish counsel to indigent criminal defendants. 18 U.S.C. § 3006A (1986). That Act provides that "[i]f at any stage of the

4

proceedings, including an appeal, the United States magistrate judge or the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel . . . as the interests of justice may dictate." Id. at § 3006A(c). The Eleventh Circuit has adopted Addendum Four to implement the Criminal Justice Act. As in Eleventh Circuit Rule 46-10(a), retained counsel has an obligation to represent a defendant until successor counsel enters an appearance or is appointed under the Act. See Addendum Four, Eleventh Circuit Plan Under the Criminal Justice Act, § (d)(2), Eleventh Circuit Rules.

In order to appoint counsel to a defendant who was previously represented by retained counsel, the Court must first conduct an *in camera* review of the financial circumstances of the defendant and of the fee arrangements between the defendant and retained trial counsel. Id. at (d)(2).

The relevant consideration here is whether Eleventh Circuit Rule 46-10(a) and Addendum Four permit the Court to obligate retained counsel to continue representation through an appeal *in lieu* of appointed counsel. Citing Addendum Four, this Court has previously denied motions to withdraw filed by retained counsel based on counsel's receipt of a significant fee at the plea negotiation stage, despite contractual agreements to exclude appellate work on behalf of the defendant.

5

For instance, in United States v. Watson, No. 8:10-CR-448-T-27EAJ, 2011 WL 2560273, at *2 (M.D. Fla. June 28, 2011), the magistrate judge recommended that a motion to withdraw be denied when counsel was paid $85,000 by a client who accepted a plea agreement. In that case, the fee agreement excluded representation through appeal, and counsel moved to withdraw after his client filed an appeal, citing both the fee agreement and his lack of any appellate experience. Id. The magistrate judge found that counsel had received a significant amount yet expended minimal activity and therefore should be obligated to continue representation through the conclusion of any appeal. Id. The district judge agreed with the magistrate judge's assessment and adopted the recommendation. Id. However, the district judge *sua sponte* relieved counsel of any further representation of the defendant based on counsel's self-professed lack of experience and because "this Court and certainly Defendant will have little faith in an attorney who was expended so much effort to withdraw from representation and who has effectively admitted an inability and unwillingness to represent clients in federal appellate matters." Id.

In United States v. Djedovic, No. 8:12-CR-181-T-23EAJ, 2012 WL 6625872, at *1 (M.D. Fla. Nov. 28, 2012), the magistrate judge similarly recommended denial of retained counsel's motion to withdraw, even though counsel tendered a fee agreement that

6

excluded appeals.  In that case, retained counsel received $30,000 for the negotiation of a plea agreement.  After due consideration, the Court adopted the recommendation and determined that counsel should be required to pursue the appeal on behalf of the defendant. See United States v. Djedovic, report and recommendation adopted, No. 8:12-CR-181-T-23EAJ, 2012 WL 6625865 (M.D. Fla. Dec. 20, 2012).

Pursuant to Addendum Four and the case law, this Court agrees with the Judge Jenkins' Recommendation that Gold's receipt of $38,000 in attorney's fees is sufficient to obligate representation on appeal. Nonetheless, the Court will relieve Gold *sua sponte*, finding that the interests of justice would not be served by requiring Defendant to be represented by counsel who is determined to withdraw. Counsel is "likely, consciously or subconsciously, to resent the transformation of an agreement to represent a defendant for pay into an involuntary pro bono arrangement, and therefore to seek to end the representation as expeditiously as possible." United States v. Rivera-Corona, 618 F.3d 976, 982 (9th Cir. 2010). All defendants deserve a zealous and dedicated appellate advocate who is concerned with the release of their client from incarceration, rather than the release of themselves from the case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**

(1) The Court **ADOPTS** Judge Jenkins' Report and Recommendation as to the Motion to Withdraw (Doc. # 60). Notwithstanding, the Court *sua sponte* relieves Gold of his representation of Defendant, pending the appointment of counsel pursuant to the Criminal Justice Act.

(2) Defendant's Motion to Appoint Counsel (Doc. # 59) is **GRANTED**.

(3) The appointment of counsel to represent Defendant on appeal is referred to Judge Jenkins for disposition.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of June, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record